**Rey PARRA–SANTOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72744.

Agency No. A76–705–185.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 15, 2004.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security San Francisco, CA, Earle B. Wilson, Leslie McKay, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM [**]

Rey Parra–Santos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and we deny the petition for review.

The IJ properly concluded that Parra–Santos failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) because he entered the United States on or about June 1, 1991, and was served with the Notice to Appear on June 30, 2000. Parra–Santos's contention that the two statutes defining the ten-year continuous physical presence requirement, 8 U.S.C. § 1229b(b)(1)(A) and § 1229b(d)(1), create conflicting rules for calculating the end of the ten years is foreclosed by *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (continuous physical presence terminates upon the service of a Notice to Appear).

Petitioner's contention that the BIA's decision to streamline his case was impermissible under 8 C.F.R. § 1003.1(e)(4) because it presented substantial legal questions that were not "squarely controlled by existing Board precedent" lacks merit, as Petitioner's argument was squarely controlled by both Ninth Circuit and BIA precedent holding that the service of a Notice to Appear terminates the accrual of continuous physical presence for cancellation eligibility. *See Ram,* 243 F.3d at 517; *In re Mendoza–Sandino,* 22 I. & N. Dec. 1236 (BIA 2000) (holding that "under section 240A(d)(1), such service [of a notice to appear] is deemed to end an alien's presence completely.").

PETITION FOR REVIEW DENIED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.